UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE BANK OF TAMPA, et al.

                Plaintiffs,

-vs-                                              Case No. 8:05-cv-368-T-24TBM

HUTTIG BUILDING PRODUCTS, INC., et al,

                Defendants.
_____/

## O R D E R

This cause comes before the Court for consideration of Signal Mutual Indemnity Association, Ltd.'s Motion to Intervene (Doc. No. 18). Defendants filed a Memorandum in Opposition thereto (Doc. No. 20). In addition, the Court considered Signal's Rebuttal in Support of Motion to Intervene (see Doc. No. 22).

This is an action by Plaintiff, Bank of Tampa, as personal representative of Jerome Keith Parker, deceased, against the Defendants, Huttig Building Products, Inc. and Noel Medina, to recover damages for injuries to and the death of Jerome Keith Parker in a motor vehicle accident on or about January 8, 2004. At the time in question, the decedent was employed by International Ship Repair, and they were subject to the provisions of the Longshoremen and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. ("LHWCA"). Vickie Sue Parker filed a claim for LHWCA benefits for the death of decedent on the grounds that she is his widow. Signal has paid compensation and medical benefits to the decedent's widow the extent required by the LHWCA on account of the decedent's injuries and death in the accident. Under the LHWCA and the equitable lien rule, Signal has a lien against any recovery by the Plaintiff in this action to the extent that Signal

has paid LHWCA benefits to the decedent's widow, and Signal now moves this Court to allow intervention pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.

The case law is clear that the creation of the equitable lien in favor of the insurer (Signal) naturally engendered a concomitant right to intervene in the litigation between the employee (the decedent in this case) and the third party tortfeasor (the Defendants). See Allen v. Texaco, Inc., 510 F.2d 977, 979-80 (5th Cir. 1975)[1] ("where the employee himself sues the third party tortfeasor, the courts have long recognized a right of subrogation to the extent of payments made, and have permitted the employer or its insurer to intervene in the employee's suit to protect its right ...."). Accordingly, this Court finds that Signal has a right to intervene under Fed. R. Civ. P. 24(a) pursuant to the LHWCA and Signal's right thereunder to recoup compensation and medical benefits it has paid to the worker or his statutory survivors in the event of his death. Lewis v. United States, 812 F. Supp. 629, 632 (E.D. Va. 1993); Peters v. North River Ins. Co., 764 F.2d 306, 312 (5th Cir. 1985); see also Nacirema Operating Co. v. Oosting, 456 F.2d 956 (4th Cir. 1972); The Etna, 138 F.2d 37, 41 (3d Cir. 1943).

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Signal Mutual Indemnity Association, Ltd.'s Motion to Intervene (Doc. No. 18) is **GRANTED**.

(2) Signal Mutual Indemnity Association, Ltd.'s Motion for Leave to File Reply Memorandum (Doc. No. 22) is **GRANTED**. This Court considered the reply attached to the motion.

---

[1] The case law of the Fifth Circuit prior to September 30, 1981 has been adopted as precedent in this judicial circuit. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

**DONE AND ORDERED** at Tampa, Florida, this 8th day of November, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge